

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

September 8, 2025

**BY ECF & EMAIL**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
White Plains, New York 10601

    Re:    *United States v. Michael Vasconcellos*, 25 Cr. 383-2 (CS)

Dear Judge Seibel:

    The Government respectfully requests that the Court exclude the time from today to and through September 25, 2025, the date of the next conference, under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A). The defendant, Michael Vasconcellos, was arrested and arraigned on or about August 28, 2025. At the conclusion of that proceeding, the Honorable Victoria Reznik, United States Magistrate Judge, exclude time through September 11, 2025. Following that conference, Vasconcellos retained new counsel. This Court has since scheduled an initial conference in the case for September 25, 2025.

    The Government respectfully requests that the Court enter the attached order to exclude the time from today through that date.[1] The Government submits that excluding this time would be appropriate as it will give newly retained counsel an opportunity to speak to his client and the Government to become familiar with this case prior to the next conference. The exclusion of time is also appropriate as the September 25, 2025 conference was scheduled on a date when defense counsel was available, and excluding time rather than scheduling the conference on another date when defense counsel may be unavailable fosters continuity of counsel. Lastly, the current conference date also allows for adequate time for Vasconcellos's co-defendant, Liam Treibert, to travel to this district from his home in North Carolina. Allowing for both defendants to appear at a single

---

[1] The Government makes this motion only as to Michael Vasconcellos, not his co-defendant Liam Treibert. As Treibert has not yet appeared in this District, the Speedy Trial Act period has not yet begun to run. *See* 18 U.S.C. § 3161(c)(1) (explaining that the Speedy Trial Act period begins upon the later of "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court *in which such charge is pending*" (emphasis added)); *United States v. Lynch*, 726 F.3d 346, 352–53 (2d Cir. 2013) (holding that the time between the defendant's arrest and his arraignment did not count towards the Speedy Trial Act period as the defendant had not yet appeared in the district where he had been charged).

conference rather than holding two separate conferences enhances efficiencies and preserves judicial resources. The Government submits that these benefits outweigh the interests of the public and the defendant in a speedy trial.

    Defense counsel has informed the Government that the defense does not oppose this request.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By: */s/ David A. Markewitz*
    David A. Markewitz
    Assistant United States Attorney
    (212) 637-2260

Cc:    Counsel of Record (by ECF and Email)