UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INFORMATION** |
| v. | S2 25 Cr. 383 (CS) |
| MICHAEL VASCONCELLOS, | |
| Defendant. | |

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The United States Attorney charges:

1.      From at least in or about 2018 through at least in or about 2023, in the Southern District of New York and elsewhere, MICHAEL VASCONCELLOS, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

2.      It was a part and object of the conspiracy that MICHAEL VASCONCELLOS, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, VASCONCELLOS agreed with others to make false statements to a regulated utility company ("Utility-1"), claiming, falsely, that certain non-destructive radiographic testing of welding was being performed on

Utility-1's natural gas pipelines, in order to convince Utility-1 to send bank transfers as payment for that radiographic testing, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

<u>Overt Act</u>

3.      In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.      On or about October 21, 2020, MICHAEL VASCONCELLOS and one of his co-conspirators ("CC-1") were the assigned radiographers who were supposed to perform radiographic inspections of welds on Utility-1's natural gas pipeline in the vicinity of the Bronx, New York. VASCONCELLOS and CC-1 instead created a fraudulent inspection report claiming to have inspected pipeline welds that they had not.

b.      On or about March 29, 2021, VASCONCELLOS was the assigned radiographer who was supposed to perform radiographic inspections of welds of Utility-1's natural gas pipeline in the vicinity of the Bronx, New York. VASCONCELLOS instead created a fraudulent inspection report claiming to have inspected pipeline welds that he had not.

c.      On or about July 5, 2022, CC-1 was the assigned radiographer who was supposed to perform radiographic inspections of welds on Utility-1's natural gas pipeline in the vicinity of the Bronx, New York. CC-1 instead created a fraudulent inspection report claiming to have inspected pipeline welds that CC-1 had not.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

4.    As a result of committing the offense alleged in Count One of this Information, MICHAEL VASCONCELLOS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

JAY CLAYTON
United States Attorney

3